

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable R. C. Neaves
County Auditor, Grayson County
Sherman, Texas

Dear Sir:

Opinion No. 0-5886
Re: Fees to be collected by
the County Clerk for ad-
ministering the oath and
executing affidavits in
the preparation of filing
an unregistered birth, and
related questions.

     Your letter of February 21, 1944, requesting the
opinion of this department on the questions stated therein, is,
in part, as follows:

     "1. When a person goes before the County
Clerk or Deputy County Clerk to execute Affidavit A
or, Affidavit B, in the preparation of filing an un-
registered birth, what is the fee required to be
collected by the County Clerk for administering the
oath under each of the above affidavits? (See copy
of form attached)

     "2. Would the County Clerk be liable to the
County Officer's Salary Fund for the fees as provided
by law in administering oaths required under the above
mentioned affidavits, when said affidavits were taken
by the County Clerk or Deputy County Clerk, and no
fee collected?

     "3. What would be the status of notary fees
collected by a person for administering oaths under
Affidavit A or, Affidavit B, in regard to unregis-
tered births, when such person is a duly appointed
notary public and at the same time is holding the
position of full time deputy county clerk?"

When an application is made to file an unregistered birth under the provisions of Rule 51A, Article 4477, Vernon's Annotated Civil Statutes, a fee of One Dollar ($1.00) shall be collected by the probate court, fifty cents of which shall be retained by the court, and fifty cents of which shall be retained by the clerk of the County Court for recording said birth or death certificate. The foregoing statute makes no provision for compensating the County Clerk for administering the oath for either of the affidavits mentioned in your inquiry. However, Article 3930, Vernon's Annotated Civil Statutes, provides, in part:

"Clerks of the County Court shall receive the following fees:

"* * *

"Administering oath with certificate and seal ................................... $ .25

"* * *"

Section 5 of Article 3912e, Vernon's Annotated Civil Statutes, provides:

"It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund, or funds provided in this Act. In event the Commissioners' Court finds that the failure to collect any fee or commission was due to neglect on the part of the officer charged with the responsibility of collecting same, the amount of such fee or commission shall be deducted from the salary of such officer. Before any such deduction is made, the Commissioners' Court shall furnish such officer with an itemized statement of the uncollected fees with which his account is to be charged, and shall notify such officer of the time and place for a hearing on same, to determine whether such officer was guilty of negligence, which time for hearing shall be at least

ten days subsequent to the date of notice. Unless an officer is charged by law with the responsibility of collecting fees, the Commissioners' Court shall not in any event make any deductions from the authorized salary of such officer."

In view of the foregoing statutes, you are respectfully advised that the County Clerk or Deputy County Clerk administering the oath, under "Affidavit A," or "Affidavit B" is legally authorized to charge a fee of twenty-five cents for each affidavit and under Section 5 of Article 3912e, supra, it is the duty of such County Clerk or Deputy County Clerk to collect such fee and deposit the same in the Officers' Salary Fund of the County.

In answer to your second question, you are advised that it is our opinion that the County Clerk would be liable to the County for the fee or commission he failed to collect due to neglect on the part of said officer who is charged with the responsibility of collecting the same, and that such fee could be withheld from his salary as authorized by Section 5, Article 3912e, supra, provided that such officer due to neglect failed to collect said fee or commission and the required notice was given him according to said Section 5 of Article 3912e, supra.

With reference to your third question, you are respectfully advised that this department has repeatedly held that the offices of Deputy County Clerk and Notary Public are incompatible. Therefore, one could not serve as deputy county clerk and notary public at the same time. Therefore, you are respectfully advised that the Deputy County Clerk mentioned in your inquiry cannot be a notary public during the time he is a Deputy County Clerk, and would not be authorized to act as a notary public or collect any fees whatsoever when and if attempting to act as a notary public when in fact such person is a Deputy County Clerk.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED
OPINION
COMMITTEE
BY *DM*
CHAIRMAN

APPROVED MAR 1 1944

ATTORNEY GENERAL OF TEXAS

AW:EP